# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

May 7, 2018
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STEVE DOLIN,**
**Claimant Below, Petitioner**

**vs.)    No. 17-0594**  (BOR Appeal Nos. 2051735 & 2051804)
                        (Claim No. 2015013891)

**RAMSEY TIRE, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner, Steve Dolin, by Reginald Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ramsey Tire, Inc., by Melissa Blatt, its attorney, filed a timely response.

The issues on appeal are the termination of Mr. Dolin's temporary total disability benefits and the denial of requested medical treatment. The claims administrator closed the claim for temporary total disability benefits on July 12, 2016; denied a request for authorization of a spinal cord stimulator on July 28, 2016; and issued a second closure of the claim for temporary total disability benefits on September 22, 2016. The Office of Judges affirmed the decisions of the claims administrator in its December 16, 2016, and January 31, 2017, Orders. The Orders were affirmed by the Board of Review on June 5, 2017. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dolin, a tire technician, was injured on October 9, 2014, while stacking tires. On October 12, 2014, he was treated in the emergency room for pain in his mid to lower back area. Lumbar spine x-rays showed minimal degenerative changes, no fractures, and no spondylolysis. Mr. Dolin was diagnosed with lumbar and thoracic back sprain. The claims administrator held the claim compensable for a sprain of the upper and lower back on November 12, 2014.

1

A December 4, 2014, lumbar spine MRI revealed a posterior central annular tear at L5-S1 with a central disc herniation and mild disc bulges at L3-L4 and L4-L5. On January 21, 2015, Richard Knapp, M.D., completed an attending physician's report which noted Mr. Dolin continued to have low back pain and numbness into his bilateral lower extremities.

Robert Walker, M.D., performed an independent medical evaluation on April 16, 2015. Mr. Dolin told him that surgery had not been recommended and that he had been treated with two epidural steroid injections. He opted not to have a third injection because the injections did not help his pain. Dr. Walker recommended a second consultation with a neurosurgeon along with diagnostic testing to "definitively determine" if Mr. Dolin had L5-S1 radiculopathy. He opined that Mr. Dolin should be considered for a laminectomy for the disc herniation with persistent symptoms if it was determined he had radiculopathy.

Andrew Thymius, D.O., saw Mr. Dolin for an initial consultation on August 20, 2015. He noted that Mr. Dolin was not a surgical candidate from a neurosurgical perspective, but a spinal cord stimulator had been recommended. Dr. Thymius diagnosed thoracic sprain/strain, lumbar sprain/strain, lumbar radiculitis, intervertebral disc displacement, degenerative lumbar intervertebral disc, and chronic pain syndrome. He opined that it was reasonable for Mr. Dolin to be treated with the spinal cord stimulator for back and leg pain relief. He also opined that a discectomy with anterior cage and posterior facet screws would be reasonable medical treatment.

On May 16, 2016, the Office of Judges ordered the conditions of thoracic or lumbosacral neuritis or radiculitis and displacement of the intervertebral disc without myelopathy be added as compensable components of the claim.[1] Prasadarao Mukkamala, M.D., performed an independent medical evaluation on June 9, 2016, at which time Mr. Dolin complained of pain in the low back with radiation into both lower extremities. In Dr. Mukkamala's opinion, Mr. Dolin was not a candidate for a spinal cord stimulator because his pain complaints were mostly axial back pain, not radicular; he exhibited an extreme degree of symptom magnification; and the epidural steroid injections were not effective. Dr. Mukkamala also opined that Mr. Dolin had reached maximum medical improvement. Based on his report, the claims administrator closed the claim for temporary total disability benefits on July 12, 2016.

On July 28, 2016, the claims administrator denied Dr. Thymius's request for authorization for the spinal cord stimulator. The claims administrator closed the claim for temporary total disability benefits for the second time on September 22, 2016, because insufficient medical evidence of continued temporary total disability had been provided.

Bobby Miller, M.D., performed an independent medical evaluation on September 15, 2016, and issued his report on September 29, 2016. Dr. Miller was asked to evaluate whether Mr. Dolin was a good candidate for a spinal cord stimulator. Dr. Miller noted that Mr. Dolin was given a urine drug screen the morning of his evaluation, which was positive for THC and negative for Norco, which was prescribed and which Mr. Dolin said he took prior to the evaluation. Dr. Miller diagnosed Undifferentiated Somatoform Disorder. He opined that Mr.

---

[1] The May 16, 2016, Order of the Office of Judges was not appealed.

Dolin was not a good candidate for the placement of the spinal cord stimulator because no treatment had been of benefit; Mr. Dolin was insistent on having surgery; he was in no physical distress during the evaluation; he may have been a substance abuser; and because he had Somatoform Disorder, which had a negative impact on the perception of pain. In Dr. Miller's opinion, Mr. Dolin exhibited symptom magnification. He did not anticipate that Mr. Dolin would have a good result from the placement of the spinal cord stimulator.

On December 16, 2016, the Office of Judges affirmed the claims administrator's July 12, 2016, closure of the claim for temporary total disability benefits and the July 28, 2016, denial of authorization of a spinal cord stimulator. It then affirmed the claims administrator's September 22, 2016, second closure of the claim for temporary total disability benefits on January 31, 2017.

The Office of Judges noted the spinal cord stimulator was recommended by Drs. Knapp and Walker and that Drs. Mukkamala and Miller evaluated Mr. Dolin in reference to the recommendation. Dr. Mukkamala opined that Mr. Dolin's dependent characteristics would not make him a good candidate for a spinal cord stimulator. Dr. Miller found Mr. Dolin was not a good candidate for the spinal cord stimulator for a number of reasons, including Dr. Miller's diagnosis of Somatoform Disorder. Based on those opinions, the Office of Judges determined it was more likely than not that Mr. Dolin was not a candidate for a spinal cord stimulator. Turning to the temporary total disability benefits, the Office of Judges noted Dr. Mukkamala determined Mr. Dolin reached maximum medical improvement on June 8, 2016. As such, the claims administrator properly terminated the temporary total disability benefits. The Office of Judges also found that Mr. Dolin had submitted no new evidence in support of his protest regarding the September 22, 2016, closure of the claim. Therefore, it found closure of claim was proper.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the December 16, 2016, and January 31, 2017, Orders on June 5, 2017. After review, we agree with the Board of Review. The claim was properly closed for temporary total disability benefits and the request for authorization of the spinal cord stimulator was properly denied based upon the evidentiary record. The Board of Review was not clearly wrong in affirming the Orders of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 7, 2018**


**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker